UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **JOE THOMAS VALLEJO** | **CIVIL ACTION NO. 21-147-P** |
| **VERSUS** | **JUDGE EDWARDS** |
| **JULLIAN WHITTINGTON, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT & RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Joe Thomas Vallejo ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on January 19, 2021. Plaintiff claims his civil rights were violated during his arrest, criminal trial proceedings, and while detained at the Bossier City Jail and the Bossier Maximum Security Facility. Plaintiff names Jullian Whittington, Captain Bowyer, Lt. Porter, Sgt. Jester, the Bossier Parish Sheriff Office and Staff, the Bossier City Police Department, the Bossier Maximum Medical Staff, and Ms. Molly as defendants.

Plaintiff claims that on November 14, 2020, he was unlawfully searched by a Bossier City Police Officer. He claims he was a passenger in a truck and was being dropped off at the hotel where he was staying. He told the officer that he did not have any drugs on his

person. He claims the officer then searched the truck in which he was a passenger. Plaintiff claims the officer did not ask to search the truck and did not present a search warrant. He claims the officer found a green toolbox under the driver's seat which contained some baggies and a pipe. The officer claimed the baggies contained drugs. Plaintiff was booked into the Bossier City Jail and charged with Possession of a Schedule II.

Plaintiff was detained at the Bossier City Jail for one night. He claims he was not examined for Covid-19 and no precautions were taken. Specifically, he claims he was not checked for fever, and he was not tested for Covid-19.

Plaintiff was transferred to the Bossier Maximum Security Facility on November 15, 2020. He was housed in the booking area for approximately two days. He claims that during the entirety of his incarceration at the Bossier Maximum Security Facility, the staff errantly and negligently refused to implement a 14-day quarantine period as part of the intake process. He claims the staff consistently integrated potential Covid-19 carriers into the I-Pod. He claims there was no mask requirement. He claims there was no Covid-19 or infectious disease testing. He claims the Sheriff Office Administration failed to prevent Covid-19 from entering the jail.

Plaintiff claims that on December 26, 2020, inmates on his pod were tested for Covid-19. He claims that on December 30, 2020, more than 50 percent of his housing unit tested positive for Covid-19. He claims the administration housed infected inmates on the top tier and noninfected inmates on the bottom tier. He claims staff members forced him to remain in the infected housing unit, but admits he was moved to the bottom tier.

Plaintiff claims that due to his prior respiratory condition, he became sick prior to the testing of his pod. He claims that during December 2020, he reported symptoms of Covid-19 including loss of taste, trouble breathing, and headaches. He claims the medical staff checked his temperature and returned him to the dorm. He claims the staff at the Bossier Parish Sheriff's Office was negligent regarding his health and failed to follow the Governor's mandates of 14 days of quarantine, social distancing, face masks, hand washing, disinfecting surfaces, and testing. He claims the staff also failed to comply with the CDC guidelines and federal and state guidelines regarding Covid-19. Plaintiff claims it violates the Eighth Amendment to expose prisoners to infectious diseases.

Plaintiff claims that on March 11, 2021, Sgt. Jester and several officers questioned him about his lawsuit. He refused to discuss his suit with them. He claims several inmates including Michael West started yelling that he was a snitch and other offensive, derogatory language.

Plaintiff claims that later that day he got into an argument with inmate Michael West which led to him throwing his towel bag into the mop bucket. Plaintiff was immediately placed in D-Seg. Plaintiff appeared before the disciplinary board. He claims Sgt. T. Evans told him that he should not be a transgender and should not file suits against his employer. He claims this incident was staged to retaliate against him with excessive punishment and verbal abuse. He claims he was placed in administrative and disciplinary segregation.

Plaintiff claims he is being discriminated against because he is transgender and because he is Hispanic.

Plaintiff claims prison officials failed to respond to his Step One and Step Two grievances concerning his complaint.

Accordingly, Plaintiff seeks monetary and punitive damages and health costs.

## LAW AND ANALYSIS

**Heck Claim**

Plaintiff claims that on November 14, 2020, he was unlawfully searched and the truck in which he was a passenger was illegally searched. He was arrested and charged with a possession of a Schedule II, Controlled Dangerous Substance. On April 8, 2021, Plaintiff pleaded guilty to the charge and was sentenced to time served.[1]

Plaintiff is seeking monetary damages for an allegedly unconstitutional conviction and sentence. The United States Supreme Court held that in order to recover monetary compensation for an allegedly unconstitutional conviction or sentence or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a prisoner must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas." Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372 (1994). Heck involved a civil rights claim brought by a state prisoner. The Court dismissed the Section 1983 suit until plaintiff could demonstrate that his conviction or sentence had been invalidated.

---

[1] Information regarding Plaintiff's guilty plea and sentence was found in the minutes of the Clerk of Court of the Louisiana Twenty Sixth Judicial District Court, Parish of Bossier. The docket number is 237219.

When a claim comes within the parameters of the Heck teachings, it is not cognizable under 42 U.S.C. § 1983 so long as the validity of the conviction or sentence has not been called into question as defined therein, which requires dismissal of claims not meeting its preconditions for suit. See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

Plaintiff is seeking monetary damages for civil rights violations under Section 1983; therefore, he must prove his conviction or sentence has been invalidated. He has not met this precondition and his civil rights claims regarding the unlawful searches must be dismissed until such time that he can demonstrate that his conviction or sentence has been invalidated.

**Conditions of Confinement at Bossier City Jail**

Plaintiff was detained at the Bossier City Jail for one night. He claims he was not examined for Covid-19 and no precautions were taken. Specifically, he claims he was not checked for fever, and he was not tested for Covid-19 [Doc. 5, p. 2].

A pretrial detainee who contests his conditions of confinement invokes the protections of the Fourteenth Amendment, but the applicable standard is the same as that for a convicted prisoner under the Eighth Amendment. Cadena v. El Paso County, 946 F.3d 717, 727 (5th Cir. 2020). The detainee may prove a constitutional violation either by demonstrating an unconstitutional condition of confinement or by demonstrating an unconstitutional episodic act or omission. Id. A challenge to a condition of confinement is a challenge to a general condition, practice, or rule. An episodic act or omission claim faults

specific jail officials for their acts or omissions. Estate of Henson v. Wichita County, 795 F.3d 456, 462-64 (5th Cir. 2015).

Plaintiff's claims about his one-night detention at the Bossier City Jail fall within the episodic act or omission category. The question then is whether a defendant breached his constitutional duty to tend to the basic human needs of persons in his charge. The official does so only when he has subjective knowledge of a substantial risk of serious harm to the detainee and responds to that risk with deliberate indifference. Estate of Henson, 795 F.3d at 464.

Plaintiff does not allege that he had or complained of a fever or any symptoms of Covid-19 while detained at the Bossier City Jail for one night before being transferred to the Bossier Maximum Security Facility. Furthermore, Plaintiff does not allege that he had or contracted Covid-19 while detained at the Bossier City Jail. The allegations made by Plaintiff do not indicate that any defendant had knowledge of a substantial risk of serious harm to him and responded with a knowing disregard of an excessive risk to his health or safety by not testing him for Covid-19 and checking him for fever.

Furthermore, Plaintiff fails to name who allegedly violated his rights at the Bossier City Jail [Doc. 5, p.3]. "It is well established that a detention center such as the Bossier City Jail is not a legal entity capable of being sued." Robertson v. Detention Center Claiborne Parish, 2009 WL 3241561 (W.D. La. 2009).

Accordingly, Plaintiff claims arising out of his detention at the Bossier City Jail should be dismissed with prejudice.

**Exhaustion of the Administrative Remedy Procedure**

Congress has commanded that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). Section 1997e requires Plaintiff to properly exhaust available administrative remedies before filing a Section 1983 suit. See Woodford v. Ngo, 126 S.Ct. 2378 (2006). This exhaustion requirement requires proper exhaustion of administrative remedies in accordance with prison procedures, and an untimely or otherwise procedurally defective grievance or appeal will not suffice. Woodford, 126 S.Ct. 2378.

The Fifth Circuit has applied the requirement to claims such as the use of excessive force, see Wendell, 162 F.3d at 887, and denial of medical care. See Harris v. Hegmann, 198 F.3d 153 (5th Cir. 1999). Failure to exhaust administrative remedies is an affirmative defense, and "inmates are not required to specifically plead or demonstrate exhaustion in their complaints." Jones v. Bock, 549 U.S. 199, 216 (2007). However, dismissal may be appropriate when, the complaint on its face establishes the inmate's failure to exhaust. See Carbe v. Lappin, 492 F.3d 325, 328 (5th Cir.2007); Hicks v. Lingle, 370 Fed. Appx. 497, 498 (5th Cir.2010).

After reviewing Plaintiff's complaint, the court finds Plaintiff has failed to properly exhaust administrative remedies regarding his claims that occurred at the Bossier Parish Maximum Security Facility prior to filing his complaint. Plaintiff admits in his complaint that he was still exhausting the ARP process [Doc. 1, p.2]. Plaintiff also provided an

amended complaint with handwritten copies of the grievances he filed in the ARP process. The first step grievance was signed by Plaintiff on January 5, 2021. The second step grievance was signed by Plaintiff on February 15, 2021 [Doc. 5, p.p. 10-12]. This complaint was received and filed on January 19, 2021. Furthermore, any claims that arose after he filed his complaint could not have been exhausted in the administrative remedy procedure.

Accordingly, it is recommended that Plaintiff's claims arising out of his incarceration at the Bossier Maximum Security Facility be dismissed without prejudice for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a).

**Administrative Remedy Procedure**

Plaintiff claims prison officials failed to respond to his grievances. Inmates do not have a constitutionally protected right to a prison administrative grievance procedure. See Oladipupo v. Austin, et al., 104 F.Supp.2d 626 (W.D.La.2000); Brown v. Dodson, et al., 863 F.Supp. 284 (W.D.Va.1994); Flick v. Alba, 932 F.2d 728, 729 (8th Cir.1991). A prison official's failure to comply with a state administrative grievance procedure is not actionable under Section 1983 because a state administrative grievance procedure does not confer any substantive constitutional right upon prison inmates. Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988), cert. denied, 488 U.S. 898, 109 S.Ct. 242, 102 L.Ed.2d 231.

Furthermore, state administrative grievance procedures are separate and distinct from state and federal legal procedures. Thus, a prison official's failure to comply with state administrative grievance procedures does not compromise an inmate's right of access to the courts. Flick, supra. Thus, insofar as Plaintiff alleges that the defendants failed to have

and/or comply with a prison administrative grievance procedure, those allegations, standing alone, do not provide an arguable basis for recovery under Section 1983.

Accordingly, Plaintiff's claim should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights claims seeking monetary damages for his allegedly unconstitutional conviction and sentence be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e) until such time as the Heck conditions are met. **IT IS FURTHER RECOMMENDED** that Plaintiff's civil rights claims regarding his detention at the Bossier City Jail and the administrative remedy process at the Bossier Maximum Security Facility be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C.

§ 1915(e)(2)(B)(i) and (ii) and his claims regarding his detention at the Bossier Maximum Security Facility be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this the 2nd day of February, 2024.



Mark L. Hornsby
U.S. Magistrate Judge